J-S72006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CHRISTOPHER STUMP | : | |
| | : | |
| Appellant | : | No. 1095 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005215-2015,
CP-22-CR-0005658-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CHRISTOPHER STUMP | : | |
| | : | |
| Appellant | : | No. 1338 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005658-2017

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 24, 2019**

Anthony Christopher Stump appeals from judgment of sentence entered June 4, 2018, at two criminal dockets.  Appellant's counsel, Damian J. DeStefano, Esquire, has moved to withdraw pursuant to ***Anders v. California***, 386 U.S. 738, (1967), and ***Commonwealth v. Santiago***, 978

A.2d 349 (Pa. 2009). We quash the appeal filed at 1338 MDA 2018, grant counsel's motion to withdraw, and affirm.

The charges at criminal docket no. 5215-2015 stem from an incident where Appellant strangled his victim with both hands and struck a three-year-old child. On October 5, 2016, Appellant pled guilty to one count each of simple assault, recklessly endangering another person ("REAP"), and disorderly conduct. The court sentenced him in the aggregate to twelve months of intermediate punishment, with the first three months to be spent on house arrest, a consecutive term of twenty-four months of probation, $230 in restitution, and a fine of ten dollars. On June 28, 2017, Appellant's probation was revoked, he was made work-release eligible, and sentenced to county prison for three to twelve months.

Several months later, on October 9, 2017, Appellant was charged with forgery and criminal attempt-theft by deception at criminal docket no. 5658-2017. He pled guilty to forgery and no contest to the theft charge. Sentencing was deferred to June 2, 2018, which was the date scheduled for revocation of his probation at docket no. 5215-2015 based on the commission of the new offenses.

At the June 2, 2018 sentencing hearing, the court sentenced Appellant to a split sentence on both the forgery and theft counts at docket no. 5658-2017. At Phase I, Appellant was sentenced to one to two years imprisonment at a state correctional facility. The Phase II sentence was two years of

probation to run consecutively, and a $100 fine. On the revocation at docket no. 5215-2015, the court sentenced Appellant to serve the balance of his back time, which was calculated to be ten months after credit for time served. At count I (simple assault), he was sentenced to serve the one-month-plus-one-day balance of his sentence; at count II (REAP), he was sentenced to twenty-four months of probation to run consecutive to the sentence at count I; and at count III (disorderly conduct), twelve months of probation, consecutive to count II and count I, for a total probationary term of three years. [1]

Appellant did not file a post-sentence motion at either docket number. Appellant filed a timely *pro se* notice of appeal from the June 4, 2018 order that imposed sentences at both criminal trial court dockets: no. 5215-2015 and no. 5658-2017.[2] In response to the court's Pa.R.A.P. 1925(b) order, counsel for Appellant filed a statement of intention to file an **Anders** brief. Counsel identified one issue of arguable merit in the **Anders** brief: "Did the trial court abuse its discretion when sentencing Appellant at his sentencing and revocation?" Appellant's brief at 7 (unnecessary capitalization and underlining omitted).

Before we can consider the issues identified in the **Anders** brief, we must first address whether we have jurisdiction to entertain the consolidated

---

[1] The sentencing order was entered on the docket on June 4, 2018.

[2] It appears from the dockets that an identical notice of appeal from the order entered at both criminal docket numbers was docketed at each number.

appeals. *See Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa.Super. 1997) (permitting appellate court to *sua sponte* examine its jurisdiction). Appellant filed one *pro se* notice of appeal from the June 4, 2018 order entered at two criminal docket numbers. Such a practice was proscribed in our Supreme Court's recent decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). On June 1, 2018, our Supreme Court decided in *Walker* that

> in future cases[,] Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

*Id*. at 977.

The appeal herein was filed on June 27, 2018, almost four weeks after the Supreme Court's decision in *Walker*, and thus, *Walker* governs. Consequently, this Court issued an order directing Appellant to show cause why the appeal should not be quashed pursuant to *Walker*. Appellant did not file a response. Rather, Appellant filed a "Notice of Appeal *Nunc Pro Tunc*," purporting to be an appeal from judgment of sentence at docket no. 5658-2017 only, which was subsequently docketed in this Court and assigned a new appellate docket number: 1338 MDA 2018. This Court consolidated the two appeals *sua sponte* on August 24, 2018, and deferred the *Walker* issue to this panel for consideration.

We decline to quash the instant appeals based on *Walker*. Admittedly, the first appeal docketed at 1095 MDA 2018 relates to more than one docket

and one judgment of sentence, a practice prohibited under *Walker*. However, Appellant filed the notice of appeal *pro se*, even though he was represented by counsel. The clerk of courts correctly docketed the notice of appeal. In *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa.Super. 2016), we held that when the *pro se* filing is a notice of appeal, it is to be docketed and acted upon. We reasoned that, "[b]ecause a notice of appeal protects a constitutional right, it is distinguishable from other filings." *Id*. at 624. However, Pa.R.Crim.P. 576(A)(4) provides that when counseled defendants file *pro se* documents, the proper procedure is to note the filing on the docket and forward it to counsel. Where, as here, the *pro se* filing is a notice of appeal, counsel of record should be provided with a copy of the notice of appeal to enable counsel to timely correct any errors.[3]

Under these circumstances, we find that the clerk of court's failure to forward a copy of Appellant's defective *pro se* notice of appeal to counsel of record should be deemed, at least in part, a breakdown in the system. *See Commonwealth v. Rodriguez*, 174 A.3d 1130, 1139 (Pa.Super. 2017) (finding clerk of court's denial of post-sentence motion that contravened court's extension to be a breakdown in the system); *see also*

---

[3] In his motion to withdraw, counsel pled that Appellant filed a *pro se* notice of appeal without notifying him or listing him on the certificate of service. Motion to Withdraw as Counsel, 10/3/18, at ¶5. Counsel also attributed the improperly filed appeal to the fact that Appellant proceeded *pro se*. *See id*. at ¶11.

*Commonwealth v. Perry*, 820 A.2d 734 (Pa.Super. 2003) (holding clerk of court's failure to follow the criminal rules constitutes a breakdown in the court process). Thus, we will presume that had counsel received the defective notice, he would have done what should have been done, and filed separate appeals from the two judgments of sentence. Thus, we decline to quash the appeal filed at 1095 MDA 2018 based on *Walker*.[4]

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition stating that he has made a conscientious examination of the record and determined that an appeal would be frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa.Super. 2004). Counsel must also provide a copy of the *Anders* brief to the appellant and inform him of the right to proceed *pro se*. *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (holding

---

[4] Appellant's second appeal, docketed at 1338 MDA 2018, was an attempt to correct the *Walker* problem. However, it was filed more than thirty days after judgment of sentence, and was thus facially untimely. *See* Pa.R.A.P. 903(a). Although Appellant labeled it a *nunc pro tunc* notice of appeal, our review of the trial court docket indicates that Appellant did not seek *nunc pro tunc* relief. Without an express grant of *nunc pro tunc* relief, the appeal period was not tolled. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1127 (Pa.Super. 2003) (*en banc*). Accordingly, we quash that appeal as untimely filed. However, since we have concluded that Appellant's *pro se* notice of appeal filed at 1095 MDA 2018 should not be quashed, the defective second notice of appeal does not affect our disposition.

counsel must inform client via letter of right to proceed once counsel moves to withdraw and attach copy to petition).

> The **Anders** brief must
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel informed Appellant via correspondence dated October 3, 2018, that he would seek permission to withdraw from the appeal. He also advised him that he would file an **Anders** brief with this Court, that Appellant had the right to retain new counsel, or to file a brief in response to the **Anders** brief. In his motion to withdraw filed the same day, counsel represented that he had thoroughly examined the record, as well as all applicable law, and determined that an appeal would be frivolous. Motion to Withdraw, 10/3/18, at ¶14. Counsel provided Appellant with a copy of the motion to withdraw, together with a copy of the **Anders** brief. Based on the record before us, we find that counsel complied with the procedural requirements of **Anders**/**Santiago**.

Substantively, counsel's brief complies with the mandated procedure for withdrawing as counsel. Counsel identified one issue as having arguable merit, namely the sentences imposed. The brief contained the required summary of the facts and procedural history, references to the record and

applicable law, and counsel's reasons in support of his belief that the appeal was frivolous. Counsel explained why the sentences imposed on the forgery and attempt counts at docket no. 5658-2015, both first-degree misdemeanors, were not illegal.

Counsel also addresses the discretionary aspects of the sentences imposed.[5] We note that challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.Super. 2015). In order to invoke this Court's jurisdiction over such a claim, an appellant must (1) file a timely notice of appeal; (2) properly preserve the issue at sentencing or in a motion to reconsider and modify the sentence; (3) comply with Pa.R.A.P. 2119(f), which requires a separate concise statement in the appellate brief of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) present a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*

_____

[5] The sentencing court was aware of the guideline ranges and that the sentence could be either a county or state sentence. Counsel noted that the court had the benefit of a presentence investigation report that detailed Appellant's lack of compliance with drug and alcohol and mental health treatment, and the court expressed its belief that greater resources were available for those issues in a state sentence. The court reviewed the applicable guidelines, the grading of the offenses, Appellant's criminal history, together with the fact that Appellant was difficult to supervise, and imposed a sentence that it believed would address those concerns.

We agree with the Commonwealth that any challenge to the discretionary aspects of sentence was waived for failure to file a timely post-sentence motion or object at sentencing. **See** Pa.R.Crim. 720(A)(1); **see also Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion). Thus, we find any discretionary sentencing claim to be wholly frivolous on that basis.

With regard to the revocation sentence, counsel noted that the court had available to it any of the sentencing options that existed when Appellant was originally sentenced. **See** 42 Pa.C.S. § 9771(b); **see also Commonwealth v. Nyberg**, 121 A.3d 1133 (Pa.Super. 2015). This was the second time Appellant was being revoked. Counsel offered reasons why the revocation sentence was not illegal. Again, the failure to file a post-sentence motion is fatal to any discretionary sentencing challenge to the revocation sentence. We find that counsel satisfied the substantive requirements of **Anders**.

After conducting a full examination of all the proceedings as required under **Anders**, we cannot discern any non-frivolous issues to be raised on appeal. **See Commonwealth v. Dempster**, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*). We therefore grant counsel's motion to withdraw and affirm the June 4, 2018 judgments of sentence.

Damian J. DeStefano, Esquire's motion to withdraw as counsel is granted. Appeal quashed at 1338 MDA 2018. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/24/2019